BLANCHE, Judge.
Plaintiff instituted this suit for a declaratory judgment and injunctive relief against defendants, City of Baton Rouge and Parish of East Baton Rouge, seeking to enjoin the issuance and sale of $15,050,000 in bonds by the City of Baton Rouge and $15,050,000 in bonds by the Parish of East Baton Rouge and to have judicially declared invalid the resolutions adopted by the City Council for the City of Baton Rouge and the Parish Council for the Parish of East Baton Rouge.
Plaintiff alleged that the Councils acted pursuant to Act 561 of 1970, which act purportedly authorized the Councils to fund into bonds the avails or proceeds of a sales and use tax without calling an election or referendum therefor. It is alleged that Act 561 is unconstitutional because Louisiana Constitution Article XIV, Section 14(a), requires an election or referendum on such a proposal. Alternatively, plaintiff alleged that the Councils have not met the requirements of Louisiana Constitution Article XIV, Section 14(e), which authorizes municipal and parochial governing authorities to fund into bonds without an election therefor any excess revenue attributable to “the avails or residue of the tax authorized by this Constitution,” the general alimony tax.[1] It is alleged that the source of funds for the bond issue is not in fact attributable to a surplus of alimony tax proceeds.
The trial judge held that there was absolutely no evidence to support plaintiff’s claim that the defendants acted on the authority of Act 561 of 1970:
“It is not understood why the allegation is made that the resolutions were adopted on the authority of Act 561 of *617 1970. The exhibits offered in evidence by the defendants show specifically and clearly that the actions by the Councils were on the authority and in accordance with the provisions of Article XIV, Section 14(e) of the state constitution and RS 39:1101 et seq.” (Written Reasons for Judgment, Record, p. 67)
We agree with the trial judge in his finding that the entire procedure followed by the Councils in these matters virtually tracked the language and requirements of R.S. 39:1101 et seq., the statutory procedure which must be followed by a governing authority which proposes to issue bonds pursuant to Louisiana Constitution Article 14, Section 14(e).
We also agree with the trial judge that no election or referendum is necessary on such a bond issue. The pertinent language of Article 14, Section 14(e), is the following:
“The police juries of the various parishes throughout the State, for the purpose of constructing and maintaining highways or public buildings for the parish, and the governing authorities of municipal corporations, for the purpose of paving, improving or maintaining streets or alleys and for all municipal improvements, including public parks, after making provisions for the payment of all statutory and ordinary charges, may fund into bonds running for a period not to exceed ten years, and bearing interest at a rate not to exceed six per centum per annum, which bonds shall not be sold for less than par, the avails or residue of the tax authorized by this Constitution.

“The provisions of this paragraph shall be self-operative and shall require nothing further than the necessary resolutions or ordinances of the appropriate governing authority.” (Emphasis added)
The language of the Supreme Court in Liter v. City of Baton Rouge et al., 258 La. 175, 245 So.2d 398 (1971), relative to the requirement of an election on a bond issue, dealt with Article XIV, Section 14(a)’ as it controlled the funding of sales and use tax proceeds into bonds, not Arti-ele XIV, Section 14(e), the constitutional provision relied on and utilized by the Councils in the instant case.
The substance of plaintiff’s remaining argument on appeal is that the trial judge erred in refusing to allow plaintiff to pursue a line of questions propounded to Mayor-President W. W. Dumas relative to the source of revenues purportedly available for the funding of the public improvement bonds. The court sustained an objection by defendants that the official documents of the entire proceedings approved and adopted by the Councils spoke for themselves. All of the records were introduced and accepted by all parties as being true records of the proceedings. Since these records recited that the source of funds was the avails or residue of the general alimony tax and since they contained the sworn financial statements of the Director of Finance showing a sufficient surplus of revenue over the statutory and ordinary charges of the City and the Parish, we agree that the testimony of the Mayor-President was not competent to contradict the contents of those records.
Plaintiff’s argument centers around his contention that the real source of funding is the sales tax rather than the avails or residue of the general alimony tax. This argument is without merit. LSA-R. S. 39:1106 provides the touchstone which is to be used to ascertain, whether or not there is any residue of the general alimony tax which may be funded into bonds. It is not required that only the avails of the general alimony tax be included in the computation of revenues. On the contrary, the revenues, from which must be deducted the statutory and ordinary charges, as well as obligations except those secured by special taxes, include not only the avails of the general alimony tax but also “such oth *618 er available sources of revenue reasonably certain of collection legally.” [2]
For the above and foregoing reasons, the judgment of the trial court is affirmed, with all costs of this appeal assessed to plaintiff.
Affirmed.

. Although Louisiana Constitution Article 14, Section 14 (e), does not specifically define the tax to which it has reference, the Louisiana Supreme Court, with one dissent, has categorized the tax to which reference is made as the general alimony tax, see Liter v. City of Baton Rouge et al., 258 La. 175, 245 So.2d 398, 406-408 (1971). LSA-R.S. 39:1101 specifically refers to the tax which may be funded into bonds as the general alimony tax.

.The second paragraph of LSA-R.S. 39:1106 provides the following:
“The governing authority shall likewise spread upon its minutes an itemized statement of its current revenues which show the yearly amount of taxes to be realized, which statement shall be based upon the assessed valuation of the taxable property of the political subdivision, ascertained by the last assesment for parish or municipal purposes previous to issuing the bonds, and also such other available sources of revenue reasonably certain of collection legally. The statement shall also be in writing and the correctness thereof shall be sworn to by the financial officer of the political subdivision, and after inspection and consideration, shall be approved by the members of the governing authority of the political subdivision present at the meeting.”